UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TORQ-MASTERS TECHNOLOGY, INC.,

                Plaintiff

v.

                Case No.

REGAL-BELOIT CORPORATION,

                Defendant.

## **COMPLAINT**

The Plaintiff, TORQ-MASTERS TECHNOLOGY, INC., as and for its Complaint as against the Defendant, REGAL-BELOIT CORPORATION, does hereby allege as follows:

1. This is an action for declaratory judgment pursuant to 28 U.S.C.A. §§2201 and 2202 adjudging United States Patent No. 5,413,015, and related patent and proprietary rights of the Defendant, is/are not infringed by the Plaintiff.

2. The Plaintiff is and was at all relevant times a corporation organized existing under and by virtue of the laws of the State of New York with its principal place of business located in Rochester, New York.

3. The Defendant is and was at all relevant times a corporation organized and existing under and by virtue of the laws of the State of Wisconsin, and licensed to conduct business in the State of New York, with its principal place of business located in Beloit, Wisconsin.

4. This Court has jurisdiction over the instant action pursuant to 28 U.S.C.A. §1338. Venue is proper pursuant to 28 U.S.C.A. §§ 1391(b) and 1391(c).

5. The Defendant is the owner of United States Patent No. 5,413,015, and certain other patents and proprietary interests, comprising a product line commonly referred to as "Powertrax."

6. The Plaintiff has been and is at present selling and distributing a product referred to as the "Aussie Locker" through its offices in Rochester, New York to customers within the United States.

7. The Plaintiff has not infringed and is not now infringing the aforesaid patent(s) and proprietary interests, or any of them.

8. The Defendant has given the Plaintiff formal written notice of infringement by the Plaintiff's sale and distribution of the "Aussie Locker" products; has charged infringement of the aforesaid patent(s) and proprietary interests by the Plaintiff; and has demanded that the Plaintiff cease and desist use, marketing and sale of the "Aussie Locker" products.

9. The Plaintiff denies infringement and asserts that it is entitled to use, sell and distribute the "Aussie Locker" products in accordance with its rights and interests therein without interference by the Defendant.

10. As such, an actual controversy has arisen and exists between the parties as to the alleged infringement of the aforesaid patent(s) and proprietary interests by the Plaintiff's sale and distribution of "Aussie Locker" products.

11. Furthermore, the Defendant is barred from relied for alleged infringement of any of the aforesaid patent(s) and proprietary interests, and has subjected itself to claim for damages and profits, by its unfair competitive and monopolistic activities, and by creating a monopoly in the trade by threats and litigation against the Plaintiff and others in the subject product industry.

12. As a result of the Defendant's unfair competition and monopolistic activities, the Plaintiff is forced with the alternative of ceasing and desisting sale and distribution or defending expensive and unwarranted patent litigation.

13.     Unless the Defendant is enjoined therefrom, it will continue to interfere with the Plaintiff's business with respect thereto, resulting in lost profits and other damages to be determined at trial.

WHEREFORE, the Plaintiff respectfully requests the following relief:

1.      That this Court grant and enter judgment or decree that United States Patent No. 5,413,015, and other patents and proprietary interests of the Defendant to be determined, are not infringed by the "Aussie Locker" products used, sold and distributed by the Plaintiff;

2.      That this Court enter a judgment or decree that it is the right of the Plaintiff to continue to use, sell and distribute the "Aussie Locker" products, in accordance with its rights and interests therein, without any threat or other interference whatsoever against the Plaintiff by the Defendant, based upon or arising out of the ownership of the patents or any interest therein;

3.      That this Court enter a judgment and decree that United States Patent No. 5,413,015, and other patents and proprietary interests to be determined, relating to "Powertrax" products, are unenforceable against the Plaintiff;

4.      That the Defendant be enjoined pending the final adjudication of this action, and permanently thereafter, from prosecuting or bringing or threatening to bring any action against the Plaintiff, or any buyers or other users of the "Aussie Locker" products for alleged infringement of the Defendant's patent rights under the patents by the sale or use of "Aussie Locker" products.

5.      That the Defendant, its officers, agents, employees, and attorneys, be enjoined pending the final adjudication of this action, and permanently thereafter, from charging or asserting that the use, sale or distribution of "Aussie Locker" products by Plaintiff is in violation of or infringes the Defendant's alleged patent rights under the patents;

6.      That the costs of this action be assessed against the Defendant;

7. That the Plaintiff be awarded damages, including lost profits to the Plaintiff, such damages to be trebled; and

8. That the Plaintiff have such other and further relief as is deemed just and proper, including but not limited to reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

The Plaintiff, TORQ-MASTERS TECHNOLOGY, INC., by and through its attorneys, GALLO & IACOVANGELO, LLP, hereby demands a trial by jury on all legal issues to be determined herein, to the extent that a trial is applicable and necessary.

Dated: Rochester, NY
       July 12, 2005

Respectfully submitted,

GALLO & IACOVANGELO, LLP

    s/ Joseph B. Rizzo
Joseph B. Rizzo, Esq. of Counsel
Attorneys for Plaintiff
39 State Street, Suite 700
Rochester, NY 14614
(585) 454-7145